## Case No. 15,387.

### UNITED STATES v. HOOK et al.

[14 Pittsb. Leg. J 361; 3 Pittsb. Rep. 54.]

District Court, W. D. Pennsylvania. May, 1867.

VIOLATIONS OF INTERNAL REVENUE LAWS — CONDEMNATION OF PROPERTY—RIGHTS OF INFORMER.

On a sale of property condemned as forfeited for violation of the United States internal revenue laws, the informer, under the forty-first section of the act of 1864 [13 Stat. 223]. is entitled to claim one-half of the proceeds. the same as in case of penalties.

Libel of information in a cause of forfeiture.

R. B. Carnaham, U. S. Dist. Atty.
Wyley & Buchanan, for informer.

McCANDLESS, District Judge. On the 7th of April, 1866, the collector of the 24th collection district seized the distillery of Hook & Wise, situated in Greene county, together with seventy-two barrels of whiskey, and all the implements of manufacture, for a violation of the laws regulating the internal revenue of the United States. The district attorney, on the 27th of the same month, filed his libel in this court for a forfeiture; and the respondents failing to answer, or even to appear in obedience to the monition, the court, on the 23d July, pronounced sentence of condemnation, and ordered a sale of the forfeited property. Only a part of the proceeds of sale, amounting to about $6,000, have been realized by the marshal, and none as yet, paid into court. This is owing to an outside claimant of part of the whiskey, who is in correspondence with the commissioner of internal revenue.

At this stage of the proceedings, J. W. Scott presents his petition to this court. asking to be declared, in the judgment of the court, the informer,—in the language of the 4th section of the act of 1864, being "the first to inform of the cause, matter or thing whereby such fine, penalty or forfeiture was incurred," and claiming to be entitled as such to a moiety of the forfeiture. It is objected. that this distribution of the proceeds is applicable to penalties, and not to forfeitures. But the act makes no discrimination, placing them in the same category; and although one is a fixed sum. readily divisible, and the other a condemnation or appropriation of the offending chattel in specie, yet the act of the government, by its execution, reduces it to money. and renders it susceptible of similar divisions.

It is claimed by the district attorney that there is no informer on the record. and that, the decree of condemnation having been entered without reference to such a party, he is barred from participation in the proceeds of the forfeited property. It must be remembered that these proceedings are in accordance with the practice of courts of admiralty. They are in rem, and the sentence of condemnation must precede any inquiry as to distribution. The suit is instituted in the name of the United States; and as Mr. Justice Washington says, in Sawyer v. Steele [Case No. 12,406], it is not necessary that the informer should accompany the communication which he makes by an assertion of his claim to a share of the forfeiture, or that he should make the seizure, or concern himself with the prosecution by causing its institution, or providing testimony to support it. With all these things he has nothing to do. He may be even ignorant, at the time he gives the information, that he has any claim to assert it. It is sufficient for him to show that the information which he gave caused the prosecution and recovery. By the seizure consequent upon his information. he acquired an inchoate right to moiety of the proceeds, which is consummated on the rendition of the decree.—[The Samuel] 1 Wheat. [14 U. S.] 17; and that although his name nowhere appears upon the record. his position is passive until the fund is ready for distribution; and then. if he satisfies the court that he was "the first to inform of the cause, matter, or thing whereby the forfeiture was incurred." it is the duty of the court. by their judgment, to award to him his moiety, and direct the residue to be paid into the treasury of the United States. The moiety here will be between three and four thousand dollars; but as Judge Washington

says, in the case referred to, "it is no argument to say that this is an unreasonable allowance." The legislature has thought proper to make it, and our duty is to execute its will. The large amount which will accrue in this case to the informer is just what congress designed, to stimulate somebody to detect the enormous frauds practiced upon the revenue, particularly in the manufacture and sale of whiskey. Whether the information is given from motives of gain or public policy, the government is indifferent, so that the culprit is arrested in his criminal career, and stripped of his ill-gotten treasure. The ample sum given is to excite vigilance, and to secure the integrity of the informer by such reward as would place him above any temptation which the offenders could offer him. To deduct the tax of two dollars per gallon from the proceeds of sale, and then allow him one-half of the residue, would be no reward at all. He would deem it a mockery upon public justice, and no one would be willing to incur the odium which sometimes attaches to public informers if such was the bounty of the government. It would be giving him the moiety of something incapable of division,—of nothing; for in most cases of forfeiture, the proceeds of sale would not cover the tax and costs. A sale of the forfeited chattel does not exempt the party from the payment of the tax. He is still liable, although his title to the very property which was the subject of taxation, has been divested.

It only remains to notice the objection caused by the delay in making this application. This is sufficiently accounted for in the proofs. The informer mistook his remedy. At the suggestion of the collector he applied to the department at Washington, and after some delay, was referred to this court, to which the adjudication properly belonged. He is in time. The money has not yet been brought into the registry of the court, and it is subject to our control until it passes into the treasury of the United States.

From the testimony before us, the judgment of the court is that J. W. Scott was the first to inform of the cause, matter or thing whereby his penalty and forfeiture was incurred; and the amount thereof, deducting costs, is directed to be divided equally, one moiety to be paid to the collector of the twenty-fourth district for the use of the United States, and the other moiety to the said J. W. Scott. Decree accordingly.